IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LARRY EDWARD JACKSON, | ) |
| Petitioner, | ) |
| v. | ) CV 02-H-0682-S |
| EARL HOOKS, Warden;<br>THE ATTORNEY GENERAL OF<br>THE STATE OF ALABAMA, | ) |
| Respondents. | ) |

ENTERED

MAY 1 4 2002

### MEMORANDUM OF OPINION

The magistrate judge has entered Findings and Recommendation and a Supplemental Findings and Recommendation recommending that this case be transferred to the United States District Court for the Southern District of Alabama, the district in which petitioner's Clarke County conviction occurred. On May 10, 2002 petitioner filed "supplemental objection" (document #6) stating that his remedy under 28 U.S.C. § 2254 is "inadequate and ineffective" because he has not received prior authorization from the Eleventh Circuit Court of Appeals to file a successive petition for writ of habeas corpus and, further, because a § 2254 petition would be time barred. Petitioner is clearly under the mistaken impression that § 2254 has a "savings clause" similar to § 2255. It does not. The only arguable "savings" provision found with § 2254 allows the court to grant a petition for writ of habeas corpus where the applicant has failed to exhaust his available state court remedies if "(b)(1)(B)(i) there is an absence of available state corrective process or (ii) circumstances exist that render such a process ineffective to protect the rights of the applicant." The cases cited by petitioner are inapplicable as those cases involve <u>federal</u> petitioners and the savings provision of § 2255.

Petitioner clearly recognizes that a § 2254 petition would be time barred. As the magistrate judge correctly observed in the Supplemental Findings and Recommendation, based on the explicit language of 28 U.S.C. § 2244(d),[1] it appears that the one year statute of limitation applies to both § 2241 and § 2254 petitions for writ of habeas corpus. *Owens v. Boyd*, 235 F.3d 356, 360 (7th Cir. 2001). In addition, petitioner cannot use § 2241 to evade the limitation on second or successive § 2254 petitions. See *Greenawalt v. Stewart*, 105 F.3d 1287 (9th Cir.), *cert. denied*, 519 U.S. 1103 (1997).

Petitioner has stated in his objection that he has previously filed a § 2254 petition in the Southern District and has not received prior authority from the Eleventh Circuit Court of Appeals to file a successive petition. Because this court has concurrent jurisdiction with the United States District Court for the Southern District of Alabama, the court concludes, in light of the facts gleaned from the objections, that it unnecessary to transfer this action to the Southern District of Alabama. To this extent, the magistrate judge's Findings and Recommendation is REJECTED. Because of petitioner's admitted failure to receive prior authorization from the Eleventh Circuit to file a second or successive § 2254 petition, this petition is due to be DISMISSED for lack of jurisdiction. See *Hill v. Harper*, 112 F.3d 1088, 1089 (11th Cir.), *cert. denied*, 520 U.S. 1203 (1997); 28 U.S.C. § 2244(b)(3)(A). A separate order consistent with this memorandum of opinion will be entered simultaneously herewith.

As to the foregoing it is SO ORDERED this the 15th day of May, 2002.

JAMES H. HANCOCK
UNITED STATES DISTRICT JUDGE

---

[1] Section 2244(d)(1) provides in pertinent part:
    A 1-year period of limitation shall apply to an application for a <u>writ of habeas corpus</u> by a person in custody pursuant to the judgment of a State court.
(Emphasis added).